3/25/2020 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41908896
By: Cynthia Clausell-McGowan
Filed: 3/25/2020 11:29 AM

CAUSE NO. _____

| | | |
|---|---|---|
| Tanya Pierce, Individually and as the Personal Representative of the Estate of Jane Doe | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WRRH Investments LP; Red Roof Inns, Inc.; Red Roof Franchising, LLC; Westchase Interests, LLC; and Toree Jamal White | § § § § § § | |
| *Defendants* | § | _____TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff Tanya Pierce, Individually and as the Personal Representative of the Estate of Jane Doe complains of **WRRH Investments LP; Red Roof Inns, Inc.; Red Roof Franchising, LLC; Westchase Interests LLC; and Toree Jamal White** (collectively "Defendants") and would respectfully show the Court the following:

### I.
### NATURE OF ACTION

1. This is a claim for wrongful death under the Texas Civil Practice & Remedies Code § 71.001 *et seq.*; and for negligence, negligence *per se*, gross negligence, and exemplary damages under Texas Common Law and Texas Civil Practice & Remedies Code § 98.001 *et seq.*

**EXHIBIT B**

## II.
### JURISDICTION AND VENUE

2. Venue is proper in this County because all or substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. This case is not removable because Defendants are Texas residents.

## III.
### DISCOVERY LEVEL

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.
### PARTIES

4. Plaintiff Tanya Pierce is a Louisiana resident. Decedent Jane Doe was a Louisiana resident.

5. Defendant **WRRH Investments LP** is a Delaware company conducing substantial business in Texas. It may be served with process through the **Texas Secretary of State**; via its registered agent in Delaware, **Capitol Services, Inc., 1675 S State St Ste B., Dover, DE 199001**; or by service on any of its partners.

6. Defendant **Red Roof Inns, Inc.** is a foreign corporation conducting substantial business in Texas. It may be served via its registered agent **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

7. Defendant **Red Roof Franchising, LLC** is a foreign limited-liability company that conducts substantial business in Texas. It may be served via its registered agent

2

**EXHIBIT B**

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8. Defendant **Westchase Interests, LLC** is a Texas limited-liability company. It may be served via its registered agent **Mahendra V. Kapadia, 14410 Lofty Mountain Trail, Houston, Texas 77062**.

9. Defendant **Toree Jamal White** is a person residing in Harris County, Texas. He may be served by personal service at **9125 Highway 6 North #1323, Houston, Texas 77095**, or wherever he may be found.

## V.
### FACTS

10. On or about September 1, 2019, Decedent Jane Doe was shot to death in a Red Roof Inn hotel room located at 2960 West Sam Houston Parkway South, Houston, Texas 77042 (the "Red Roof Inn"). The Red Roof Inn is owned and/or operated and/or controlled by Defendants WRRH Investments, LP; Red Roofs Inns, Inc.; Red Roof Franchising, LLC; and/or Westchase Interests, LLC (collectively, the "Property Owners"). Decedent, a young female, had just turned eighteen (18) years old when she was shot in the hotel room.

11. Decedent was trafficked to the Red Roof Inn from Louisiana. The Property Owners, through their employees and/or agents and/or borrowed servants and/or other sources reasonably available, knew or should have known that the room(s) in which Decedent stayed were being used for the kinds of unlawful sexual activities for which Decedent was trafficked to the Red Roof Inn. The Property Owners benefitted directly and/or indirectly in

EXHIBIT B

the form of consideration paid for the hotel room(s) in which Decedent stayed, including the room in which she was fatally shot.

## VI.
## CAUSES OF ACTION AND DAMAGES

A.  **Negligence, Negligence *Per Se*, and Gross Negligence (Property Owners Only)**

12. The Property Owners were negligent, negligent per se, and grossly negligent for the following reasons:

- Failing to hire qualified and adequately trained security employees and/or agents;

- Failed to maintain proper security;

- Failing to properly train their employees and/or agents;

- Failing to supervise their employees and/or agents;

- Failing to create and/or enforce adequate safety policies and procedures;

- Failing to take action to prevent the incident in question;

- Vicariously liable for their employees and/or agents;

- Violating applicable government regulations, laws, and rules; and

- Other acts deemed negligent and grossly negligent.

13. In addition, all relevant times, Decedent was an invitee on the property in question. At all relevant times, the Property Owners owned and/or operated, controlled, and managed the subject property. As the owner, manager, and/or occupier of the subject property, the Property Owners owed duties to Plaintiff. The Property Owners owed a duty to maintain the premises in a reasonably safe condition, to inspect the premises for hazardous

EXHIBIT B

conditions, and make safe any such conditions and give adequate warning of the same. In particular, the premises in question contained hazardous conditions, including but not limited to:

- Inadequate security or other deterrents to the conduct in question taking into account the risk of such conduct on the premises which was unreasonable and foreseeable to Defendant;

- Failure to hire and/or provide competent and/or appropriate security;

- Failure to install or maintain appropriate surveillance to monitor, report, and/or respond to such conduct on its premises;

- Failure to correct known hazards on the premises; and

- Failure to warn Plaintiff of the above mentioned hazardous conditions.

14. The Property Owners' negligence, negligence *per se*, and gross negligence caused Decedent's death.

15. As a result of Decedent's death, the Estate of Jane Doe (the "Estate") has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which the Estate now sues. The Estate seeks damages for loss of pain and suffering, mental anguish, physical disfigurement, medical expenses, funeral expenses, and all other remedies allowable under the law, including but not limited to, interest on damages (pre and post-judgment) in accordance with the law, costs of court, expert witness fees, costs of copies of depositions, and such other and further relief as the Court may deem just and proper. Pursuant to Rule 47, the Estate seeks monetary relief within the jurisdictional limits of this Court, in excess of $1,000,000.00.

16. Tanya Pierce has been damaged in a sum far in excess of the minimum


EXHIBIT B

jurisdictional limits of this Honorable Court, for which she now sues. Tanya Pierce, individually, seeks damages for loss of companionship; loss of society; loss of inheritance; loss of friendship; mental anguish; past and future medical expenses; loss of consortium; loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value excluding loss of inheritance; and all other remedies allowable under the law, including but not limited to, interest on damages (pre and post-judgment) in accordance with the law, costs of court, expert witness fees, costs of copies of depositions, and such other and further relief as the Court may deem just and proper. Pursuant to Rule 47, Tanya Pierce seeks monetary relief within the jurisdictional limits of this Court, in excess of $1,000,000.00.

17. Plaintiffs are also entitled to and seek exemplary damages from the Property Owners because the aforementioned actions were grossly negligent. The Property Defendants acted with flagrant and malicious disregard of Decedent's health and safety. The Property Defendants were subjectively aware of the extreme risks posed by the conditions which caused Decedent's injuries and death, but acted with callous disregard to the risk. The Property Defendants' acts and/or omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Decedent and others. The Property Defendants had actual, subjective awareness of the risks, and consciously disregarded such risks.

B.  **Liability For Trafficking Of Persons (All Defendants)**

18. Defendants trafficked Decedent and/or intentionally or knowingly benefitted from the trafficking of Decedent and is liable pursuant to Section 98.002(b) of the Texas Civil Practice & Remedies Code. As such Defendants are liable for Plaintiffs' (1) actual damages,

**EXHIBIT B**

including damages for mental anguish even if an injury other than mental anguish is not shown; (2) court costs; and (3) reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE § 98.003(a).

19. Plaintiffs also seek exemplary damages pursuant to Section 98.003(b) of the Texas Civil Practice & Remedies Code.

20. Defendants are jointly and severally liable for Plaintiffs' damages. TEX. CIV. PRAC. & REM. CODE § 98.005.

## VII.
## JURY DEMAND

21. Plaintiffs have demanded a trial by jury on all issues.

## IX.
## PRAYER

22. Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled. Plaintiffs seek monetary relief over $1,000,000.

DATED: March 25, 2020

**EXHIBIT B**

Respectfully submitted,

ARNOLD & ITKIN, LLP

/s/ *Noah M. Wexler*

_____
Jason A. Itkin
Texas Bar No. 24032461
Noah M. Wexler
Texas State Bar No. 24060816
Ben Bireley
Texas State Bar No. 24076086
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
bbireley@arnolditkin.com
Jaiteam@arnolditkin.com
e-service@arnolditkin.com

*Plaintiffs' Attorneys*

**EXHIBIT B**

4/27/2020 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42581745
By: Charlie Keys
Filed: 4/27/2020 4:05 PM

CAUSE NO. 2020-19235

| | | |
|---|---|---|
| TANYA PIERCE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JANE DOE,<br>        Plaintiff, | § § § § § | IN THE DISTRICT COURT |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| WRRH INVESTMENTS, LP; RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; WESTCHASE INTERESTS, LLC; AND TOREE JAMAL WHITE,<br>        Defendants. | § § § § § § | 270TH JUDICIAL DISTRICT COURT |

**DEFENDANT WESTCHASE INTERESTS, LLC'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

Defendant Westchase Interests, LLC, files this Original Answer to Plaintiff's Petition, and respectfully shows as follows:

**A. GENERAL DENIAL**

1. Defendant generally denies the allegations contained in Plaintiff's petition, as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requires that Plaintiff prove their causes of action by a preponderance of the credible evidence.

**B. REQUEST FOR DISCLOSURE**

2. Consistent with Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within thirty (30) days of the service of this request, the information and material described in Rule 194.2(a)-(l).

**C. NOTICE OF INTENT TO USE DOCUMENTS PRODUCED IN DISCOVERY**

3. Defendant hereby gives notice to all parties of the intent to utilize items produced in discovery in any pretrial proceedings and in the trial of this matter. The authenticity of said items is self-proven pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

1



### D.  CONCLUSION & PRAYER

Defendant Westchase Interests, LLC, respectfully requests that Plaintiff take nothing by this suit against Defendant, that Defendant be awarded its taxable costs of Court and that the Court grant such other and further relief, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By:  */s/Christine Kirchner*
     Christine Kirchner
     State Bar No. 00784403
     c.kirchner@chamberlainlaw.com
     Pierce T. Cox
     State Bar No. 24082186
     pierce.cox@chamberlainlaw.com
     1200 Smith Street, Suite 1400
     Houston, Texas 77002
     phone:  (713) 658-1818
     fax:  (713) 658-2553

**ATTORNEYS FOR DEFENDANT
WESTCHASE INTERESTS, LLC**

# EXHIBIT B

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure 21 and 21(a) on this 27th day of April, 2020.

| | |
|---|---|
| Jason Itkin | Josh K. Davis |
| jitkin@arnolditkin.com | Josh.Davis@lewisbrisbois.com |
| Noah Wexler | Matthew R. Begley |
| nwexler@arnolditkin.com | Matthew.Begley@lewisbrisbois.com |
| ARNOLD & ITKIN, LLP | Lewis Brisbois Bisgaard & Smith, LLP |
| 6009 Memorial Drive | 24 Greenway Plaza, Suite 1400 |
| Houston, Texas 77007 | Houston, Texas 77046 |
| ***Counsel for Plaintiff*** | ***Counsel for Defendant Red Roof Franchising, LLC*** |

                */s/ Pierce T. Cox*
                Pierce T. Cox

3695271.v1

3

# EXHIBIT B

4/27/2020 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42577664
By: Charlie Keys
Filed: 4/27/2020 2:58 PM

CAUSE NO. 2020-19235

| | | |
|---|---|---|
| TANYA PIERCE, Individually and as the Personal Representative of the Estate of JANE DOE | § § § § | IN THE DISTRICT COURT |
| V. | § § | HARRIS COUNTY, TEXAS |
| WRRH INVESTMENTS LP; RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; WESTCHASE INTERESTS, LLC; and TOREE JAMAL WHITE | § § § § § | 270TH DISTRICT COURT |

### DEFENDANT, RED ROOF FRANCHISING, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RED ROOF FRANCHISING, LLC**, Defendant, in the above-entitled and numbered cause and files this its *Original Answer to Plaintiff's Original Petition and Request for Disclosure* and would respectfully show unto the Court the following:

I.

Defendant asserts a general denial as is authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and Defendant requests that Plaintiff be required to prove her charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

II.

Defendant hereby designates any unknown persons as a responsible third party within the meaning of TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004(j). Specifically and pursuant to Plaintiff's Original Petition, Defendant identifies the unknown persons Plaintiff alleges trafficked Decedent "Jane Doe," the "johns" or unknown persons who engaged in the alleged illegal sexual

4849-3837-0490.1



activities with Decedent, and the unknown person(s) who shot and killed Decedent are the responsible third parties for the following reasons:

    a.    Unknown persons are alleged to have committed the acts that caused or contributed to the loss or injury that is the subject of this lawsuit, according to *Plaintiff's Original Petition*;

    b.    The acts committed by all responsible third parties were criminal felony offenses;

    c.    At this time, Defendant is unaware of any identifying characteristics of the unknown criminal third parties; and,

    d.    Unknown criminal third parties are responsible for the criminal acts because such acts constituted solicitation, prostitution, battery and murder.

Further, and by way of affirmative defense, Defendant asserts that the sole proximate cause, or in the alternative, a proximate cause, of Plaintiff's alleged injuries and damages were the result of acts and/or omissions of other persons or parties over which Defendant has no control and is not legally responsible, and such acts and omissions by these persons or parties were a superseding cause of the incident and/or injury in question.

Further, Defendant asserts its affirmative defenses under Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, seeking to have the jury apportion any potential responsibility between those parties (i.e. between all Defendants, settling parties and responsible third-parties) who may have caused or contributed to Plaintiff's damages. See TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 32 and 33, *et seq*. Defendant is also entitled to all offsets. Defendant is also entitled to all settlement credits for any amounts received by Plaintiff from any settlement. Finally, Defendant asserts that Plaintiff is entitled to only one satisfaction for her damages.

Further, Defendants invoke the defenses, limitations, and/or provisions of Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Plaintiff's claims for lost earnings and/or loss of earning capacity are limited to those amounts that Plaintiff would have received and/or reasonably

4849-3837-0490.1   Page 2
*Defendant, Red Roof Franchising, LLC's Original Answer to Plaintiff's Original Petition and Request for Disclosure*

EXHIBIT B

been expected to receive after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

### III.

Defendant respectfully reserves the right to amend this Answer to Plaintiff's allegations after it has had an opportunity to more closely investigate the claims, as is its right and privilege under the TEXAS RULES OF CIVIL PROCEDURE and the laws of the State of Texas.

### IV.

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff and her counsel are placed on notice that any and all documents produced by or on behalf of the Plaintiff may be used at pretrial hearings and trial.

### V.

#### DISCOVERY CONTROL PLAN

Discovery in this case should be conducted under Level 3, TEXAS RULES OF CIVIL PROCEDURE 190.4 *et seq*. and defense counsel hereby requests the deposition of Plaintiff at a reasonable time following the exchange of preliminary written discovery, and the procurement by Defendant of all pertinent medical records.

### VI.

#### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or materials described in Rule 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Defendant, **RED ROOF FRANCHISING, LLC**, prays that Plaintiff take nothing by reason of her suit and for costs and for such other and further relief to which she may show herself justly entitled to receive.

4849-3837-0490.1                                                                                                                                    Page 3
*Defendant, Red Roof Franchising, LLC's Original Answer to Plaintiff's Original Petition and Request for Disclosure*

EXHIBIT B

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*
**JOSH K. DAVIS**
Texas Bar No. 24031993
Josh.Davis@lewisbrisbois.com
**MATTHEW R. BEGLEY**
Texas Bar No. 24076265
Matthew.Begley@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767—Telephone
(713) 759-6830—Facsimile

**ATTORNEYS FOR DEFENDANT,
RED ROOF FRANCHISING, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE via e-mail, facsimile transmission, certified mail, regular mail, or hand delivery on this the 27TH day of April 2020:

| | |
|---|---|
| Jason A. Itkin | Via E-Mail: jitkin@arnolditkin.com |
| Noah M. Wexler | Via E-Mail: nwexler@arnolditkin.com |
| Ben Bireley | Via E-Mail: bbireley@arnolditkin.com |
| ARNOLD & ITKIN, LLP | Via E-Mail: Jaiteam@arnolditkin.com |
| 6009 Memorial Drive | Via E-Mail: e-service@arnolditkin.com |
| Houston, TX 77007 | |

*/s/ Josh K. Davis*
**JOSH K. DAVIS**



**EXHIBIT B**